**James Jefferson KENNER,
Plaintiff—Appellant,**

v.

**Correctional Officer VIDAURRI; et
al., Defendants—Appellees.**

No. 10–16777.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 19, 2011.*

Filed Jan. 11, 2012.

James Jefferson Kenner, Carson City,
NV, pro se.

Elizabeth Hickman, Office of the Nevada Attorney General, Carson City, NV, for
Defendants–Appellees.

Before: GOODWIN, WALLACE, and
McKEOWN, Circuit Judges.

MEMORANDUM **

Nevada state prisoner James Jefferson
Kenner appeals pro se from the district
court's dismissal order and summary judgment in his 42 U.S.C. § 1983 action alleging due process violations and denial of
adequate medical care. We have jurisdiction under 28 U.S.C. § 1291. We review
de novo a dismissal for failure to state a
claim, *Shwarz v. United States*, 234 F.3d
428, 432 (9th Cir.2000), and the entry of
summary judgment, *Toguchi v. Chung*, 391
F.3d 1051, 1056 (9th Cir.2004). We affirm.

The district court properly dismissed
Kenner's damages claims against defendants in their official capacities because
state officials acting in their official capacities are not "persons" subject to suit under
§ 1983. *See Will v. Mich. Dep't of State
Police*, 491 U.S. 58, 71, 109 S.Ct. 2304, 105
L.Ed.2d 45 (1989).

The district court properly granted summary judgment on Kenner's due process
claim because he failed to raise a genuine
dispute of material fact as to whether his
brief placement in administrative segregation for safety reasons raised a liberty
interest warranting due process protections. *See Sandin v. Conner*, 515 U.S.
472, 486, 115 S.Ct. 2293, 132 L.Ed.2d 418
(1995) (administrative segregation by itself
does not implicate a protected liberty interest because it does not impose an atypical and significant hardship on the inmate
in relation to the ordinary incidents of
prison life). The district court also properly concluded that, in any event, Kenner
received all the process he was due because prison officials held a classification
hearing within a few days of Kenner's
placement in administrative segregation.
*See Hewitt v. Helms*, 459 U.S. 460, 462,
103 S.Ct. 864, 74 L.Ed.2d 675 (1983), *abrogated in part on other grounds by Sandin*,
515 U.S. at 480–84, 115 S.Ct. 2293.

The district court properly granted summary judgment on Kenner's deliberate indifference claim because he failed to raise
a triable dispute as to whether he faced a
serious health risk from exposure to second-hand smoke. *See Helling v. McKinney*, 509 U.S. 25, 35–36, 113 S.Ct. 2475, 125
L.Ed.2d 22 (1993) (setting forth evidence
needed to prevail on claim of deliberate
indifference based on second-hand smoke
exposure). The district court also proper-

---

* The panel unanimously concludes this case is
suitable for decision without oral argument.
*See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

ly determined that, even if Kenner had been exposed to unreasonably high levels of second-hand smoke, he failed to raise a triable dispute as to whether defendants knew of or consciously disregarded such a risk. *See Farmer v. Brennan,* 511 U.S. 825, 836–37, 847, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) (officials must be aware of and disregard a risk to the inmate's health or safety).

Kenner's remaining contentions are unpersuasive.

**AFFIRMED.**

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.